**GENOVA BURNS LLC**
James Bucci, Esq.
Peter F. Berk, Esq.
Two Riverside Drive, Suite 502
Camden, New Jersey 08103
(856) 968-0686
Attorneys for Defendants,
2 Deer Park Drive Operations LLC d/b/a Park Place Center
and Genesis Healthcare LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LUIS BELTRAN,<br><br>    Plaintiff,<br>v.<br><br>2 DEER PARK DRIVE OPERATIONS LLC; PARK PLACE CENTER; GENESIS HEALTHCARE; and JOHN DOES 1-5 and 6-10<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>NOTICE OF REMOVAL |

TO:  Clerk of the Court
     United States District Court
     Clarkson S. Fisher Building
     & U.S. Courthouse
     402 East State Street
     Trenton, NJ 08608
     609-989-2065

   COSTELLO & MAINS, LLC
   Daniel T. Silverman
   18000 Horizon Way, Suite 800
   Mount Laurel, NJ 08054
   (856) 727-9700
   Attorneys for Plaintiff

**PLEASE TAKE NOTICE** that Defendants, 2 Deer Park Drive Operations LLC d/b/a

Park Place Center ("Park Place"), and Genesis Healthcare LLC (improperly named in the

Complaint), by their undersigned attorneys, file this Notice of Removal pursuant to 28 U.S.C. §

1331, 1441, and 1446 with the United States District Court for the District of New Jersey, and state the following in support:

1. On or about May 29, 2020, Plaintiff, Luis Beltran, brought an action in the State of New Jersey, Superior Court, Mercer County, entitled <u>Luis Beltran v. 2 Deer Park Drive Operations LLC; Park Place Center; Genesis Healthcare</u>, and bearing Docket No. MER-L-00991-20. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. In his Complaint, Plaintiff asserts seven causes of action based upon the termination of his employment with Defendant Deer Park: perception of disability discrimination under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 <u>et</u> <u>seq.</u>, (Count I); discrimination under the New Jersey Earned Sick Leave Law ("ESLL"), N.J.S.A. 34:11D-1 <u>et seq.</u>, (Count II); wrongful discharge under the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 <u>et. seq.</u>, (Count Three), wrongful discharge in violation of public policy, (Count IV); interference under the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, <u>et seq.</u>, (Count V), interference under the federal Families First Coronavirus Response Act, ("FFCRA"), Public Law 116-127, (Count VI), and a claim for Equitable Relief (Count VII).

3. A federal question exists with respect to Plaintiff's claims in Count V, in which he claims that Defendants terminated him in violation of the FMLA, and in Count VI, in which he alleges he was terminated in violation of the FFCRA.

4. The Court has original jurisdiction over the Complaint, and the requirements necessary for this Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441 are satisfied. Accordingly, this case should be removed pursuant to 28 U.S.C. § 1441.

5. Counts I through IV are so related to Counts V and VI of the Complaint that they are part of the same claim or controversy such that the Court should exercise supplemental jurisdiction over Plaintiff's LAD, CEPA, ESSL and public policy claims pursuant to 28 U.S.C. § 1367.

6. Defendants were served by mail on or about June 11, 2020.

7. This Notice of Removal has been filed within thirty days of service of Plaintiff's Complaint in accordance with 28 U.S.C. 1446(b). Therefore, the Notice of Removal is being filed in a timely manner pursuant to 28 U.S.C. 1446(b).

8. This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

9. Defendants, upon filing of this Notice of Removal in the Office of the Clerk of the United States District Court for the District of New Jersey, are also filing a copy of this Notice of Removal with the Superior Court of New Jersey, at the Mercer County Clerk's Office, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. 1446(d).

10. Upon filing this Notice of Removal, Defendants will give written notice thereof to Daniel T. Silverman, Esq., attorney for Plaintiff.

11. By removing this action from New Jersey Superior Court, Defendants do not admit any of the allegations in Plaintiff's Complaint and do not waive any defenses or claims available.

**WHEREFORE**, Defendants, through their attorneys, respectfully request that the Complaint be removed to this Court and that this Court accept jurisdiction of the action; and henceforth, that the Complaint be placed on the docket of this Court for further proceedings, the same as though it had originally been instituted in this Court.

Respectfully submitted,

*/s/ James Bucci, Esq.*
James Bucci, Esq.
Peter F. Berk, Esq.
**GENOVA BURNS LLC**
Two Riverside Drive, Suite 502
Camden, New Jersey 08103
(856) 968-0686
Attorneys for Defendants, 2 Deer Park Drive
Operations LLC d/b/a Park Place Center
and Genesis Healthcare LLC

Dated: July 8, 2020

14667532v3 (23934.001)

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Daniel Silverman, Esquire
Attorney I.D. No. 017582008
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| LUIS BELTRAN | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION-MERCER COUNTY |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION |
| 2 DEER PARK DRIVE OPERATIONS LLC; PARK PLACE CENTER; GENESIS HEALTHCARE; and JOHN DOES 1-5 and 6-10 | : | DOCKET NO: |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Luis Beltran, residing in Hamilton, Mercer County, New Jersey, by way of Complaint against the defendants, says:

**Preliminary Statement**

This matter arises after Defendant terminated Plaintiff for refusing to report to work, after being instructed by a health official to quarantine as a result of the novel coronavirus SARS-CoV-2, commonly known as COVID-19. Claim is brought under the New Jersey Earned Sick Leave Law ("ESLL"), the New Jersey Law Against Discrimination ("LAD"), the New Jersey Conscientious Employee Protection Act ("CEPA") and under the common law theory of wrongful discharge in violation of public policy. As well, Plaintiff brings claim under the Family and Medical Leave Act ("FMLA") and the Families First Coronavirus Response Act ("FFCRA").

1

## Identification of Parties

1. Plaintiff Luis Beltran is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the defendants.

2. Defendant 2 Deer Park Drive Operations LLC is, at all relevant times herein, a company conducting business at 2 Deer Park Drive, Monmouth Junction, New Jersey, and, at all relevant times herein, was the employer of plaintiff.

3. Defendant Park Place Center is, at all relevant times herein, a corporation conducting business at 2 Deer Park Drive, Monmouth Junction, New Jersey, and, at all relevant times herein, was the employer of plaintiff.

4. Defendant Genesis Healthcare is, at all relevant times herein, a corporation conducting business at 2 Deer Park Drive, Monmouth Junction, New Jersey, and, at all relevant times herein, was the employer of plaintiff.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff for the acts set forth herein.

## General Allegations

6. Defendants employed plaintiff as a full-time maintenance building technician from on or about May 16, 2016 until his unlawful termination on or about April 13, 2020.

7. At all times Plaintiff performed up to and beyond the reasonable expectations of his employer.

8. At the time of his discharge, Plaintiff was a covered employee under the FMLA and FFCRA.

9. At the time of Plaintiff's discharge, Defendants were each a covered employer under the FMLA and FFCRA.

10. On or about March 24, 2020, Plaintiff and his supervisor, David Santos, performed work in the room of a resident who later tested positive for COVID-19.

11. On or about Friday March 27, 2020, Mr. Santos attended a meeting where he learned that the resident had tested positive for COVID-19.

12. Plaintiff inquired of Mr. Santos if they needed to get tested based upon their exposure.

13. Mr. Santos then spoke with the building administrator, Jennifer Jones, who advised that they did not need testing if they were asymptomatic.

14. Over the ensuing weekend, Plaintiff began to experience a sore throat and weakness.

15. On March 30, 2020, Plaintiff contacted Mr. Santos and advised that he was calling out because of a cough and a sore throat.

16. Such leave was protected under the ESLL.

17. Later that morning, Plaintiff received a phone call from someone in human resources who told him that they were overnighting paperwork for him to take to his doctor to certify he was able to return to work.

18. Defendants perceived Plaintiff as disabled.

19. Plaintiff contacted his primary care physician and the office told him they would get back to him.

20. On March 31, 2020, Plaintiff again contacted his primary care physician's office and received the same response.

21. On April 1, 2020, Plaintiff again contacted his primary care physician's office and received the same response.

22. Plaintiff then contacted an urgent care facility, which advised that it was unable to see Plaintiff based upon his symptomology.

23. Plaintiff called Mr. Santos and human resources to explain his situation.

24. On April 2, 2020, Mr. Santos contacted Plaintiff and advised that if he was asymptomatic he could return to work.

25. That night, Plaintiff's mother, who typically watched Plaintiff's children while he worked, contacted Plaintiff and advised that she was being admitted to the hospital.

26. On April 3, 2020, Plaintiff contacted Mr. Santos and called out of work due to the health of his mother and the need to care for his kids.

27. Such leave was protected under the ESLL.

28. On April 6, 2020, Plaintiff received a call from the Hamilton Township Division of Health advising that his mother had tested positive for COVID-19 and Plaintiff needed to quarantine for two weeks.

29. The Division of Health representative advised that she would contact Plaintiff's employer.

30. Plaintiff contacted Mr. Santos and explained the situation, including the need for quarantine.

31. Mr. Santos advised that Plaintiff was still required to report to work.

32. Plaintiff contacted Mr. Santos a second time at which point Mr. Santos said that Plaintiff could stay out until April 13, 2020 and that he was trying to buy him time.

4

33. On or about April 9, 2020, Plaintiff received a letter from Defendants stating that he was required to return to work on April 13, 2020 and that if he did not do so he would be separated from his employment.

34. Plaintiff refused to return to work on April 13, 2020, reasonably believing that such a return would violate a clear mandate of public policy concerning public health.

35. In fact, N.J.S.A. 34:11D-12 provides in part, "An employer shall not, during the Public Health Emergency and State of Emergency declared by the Governor in Executive Order 103 of 2020 concerning the coronavirus disease 2019 pandemic, terminate or otherwise penalize an employee if the employee requests or takes time off from work based on the written or electronically transmitted recommendation of a medical professional licensed in New Jersey that the employee take that time off for a specified period of time because the employee has, or is likely to have, an infectious disease, as defined in section 2 of P.L.2005, c. 222 (C.26:13-2), which may infect others at the employee's workplace."

36. By refusing to report to work, Plaintiff engaged in CEPA-protected activity.

37. A determinative and/or motivating factor in the discharge was Defendants' perceptions held regarding Plaintiff as disabled.

38. In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's discharge was discrimination for having exercised leave under the ESLL.

39. In addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's discharge was to interfere with leave under the ESLL.

40. In addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's discharge was retaliation for Plaintiff's CEPA-protected activity.

41. In addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's discharge was in violation of public policy.

42. In addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's discharge was to interfere with Plaintiff's rights under the FMLA.

43. In addition and/or in the further alternative, a determinative and/or motivating factor in Plaintiff's discharge was to interfere with Plaintiff's rights under the FFCRA.

44. As a result of Defendants' actions, Plaintiff has suffered economic and emotional harm.

45. Because the above conduct is especially egregious and because members of upper management participated in and/or were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Perception of Disability Discrimination Under the LAD

46. Plaintiff hereby repeats and re-alleges paragraphs 1 through 45, as though fully set forth herein.

47. For the reasons set forth above, the defendants are liable to plaintiff for perception of disability discrimination under the LAD.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

### Discrimination Under the ESLL

48. Plaintiff hereby repeats and re-alleges paragraphs 1 through 47, as though fully set forth herein.

49. For the reasons set forth above, the defendants are liable to plaintiff for discrimination under the ESLL.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT III

### CEPA

50. Plaintiff hereby repeats and re-alleges paragraphs 1 through 49, as though fully set forth herein.

51. For the reasons set forth above, the defendants are liable to plaintiff for an unlawful discharge in violation of CEPA.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### Wrongful Discharge in Violation of Public Policy

52. Plaintiff hereby repeats and re-alleges paragraphs 1 through 51, as though fully set forth herein.

53. For the reasons set forth above, the defendants are liable to plaintiff for an unlawful discharge in violation of public policy.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT V

### Interference Under the FMLA

54. Plaintiff hereby repeats and re-alleges paragraphs 1 through 53, as though fully set forth herein.

55. For the reasons set forth above, the defendants are liable to plaintiff for interference under the FMLA

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT VI

### Interference Under the FFCRA

56. Plaintiff hereby repeats and re-alleges paragraphs 1 through 55, as though fully set forth herein.

57. For the reasons set forth above, the defendants are liable to plaintiff for interference under the FFFCRA.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, liquidated damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT VII

### Request for Equitable Relief

58. Plaintiff hereby repeats and re-alleges paragraphs 1 through 57 as though fully set forth herein.

59. Plaintiff requests the following equitable remedies and relief in this matter.

60. Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

61. Plaintiff requests that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

62. To the extent that plaintiff was separated from employment and to the extent that the separation is contested herein, plaintiff requests equitable reinstatement, with equitable back pay and front pay.

63. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the plaintiff.

64. Plaintiff requests that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

65. Plaintiff requests that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

66. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiff demands judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

                                           **COSTELLO & MAINS, LLC**

                                           **By:  /s/Daniel T. Silverman**

Dated:  May 29, 2020                               **Daniel T. Silverman**

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: **/s/Daniel T. Silverman**
Daniel T. Silverman

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By: **/s/Daniel T. Silverman**
Daniel T. Silverman

11

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: **/s/Daniel T. Silverman**
 **Daniel T. Silverman**

## DESIGNATION OF TRIAL COUNSEL

Daniel T. Silverman, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

By: **/s/Daniel T. Silverman**
 **Daniel T. Silverman**

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-000991-20**

**Case Caption:** BELTRAN LUIS  VS 2 DEER PARK DRIVE OP ERATIONS
**Case Initiation Date:** 05/29/2020
**Attorney Name:** DANIEL T SILVERMAN
**Firm Name:** COSTELLO & MAINS, LLC
**Address:** 18000 HORIZON WAY STE 800 MT LAUREL NJ 080544319
**Phone:** 8567279700
**Name of Party:** PLAINTIFF : BELTRAN, LUIS
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: LUIS BELTRAN?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/29/2020                                                                                    /s/ DANIEL T SILVERMAN
Dated                                                                                                              Signed